Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
Taylor C. Foss (Bar No. 253486)
Email: tfoss@onellp.com
Victoria E. Mulvey (Bar No. 343220)
Email: vmulvey@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorney for Plaintiffs,
ELIZABETH WATERMAN and
NY BLACK AND GOLD CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN, an individual; and NY BLACK AND GOLD CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; X CORP., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs Elizabeth Waterman and NY Black and Gold Corporation ("Plaintiffs"), by and through their attorneys of record, complain against Defendants Twitter, Inc., X Corp., and DOES 1-10, inclusive ("Defendants") as follows:

## JURISDICTION AND VENUE

1.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2.     This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants transact business in this Judicial District, Plaintiff Elizabeth Waterman resides in this judicial district, Plaintiff NY Black and Gold Corporation's principal place of business in this judicial district, and the injury suffered by Plaintiffs took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the state of California.

## PARTIES

4.     Plaintiff Elizabeth Waterman ("Waterman") is an individual residing in the state of California in the county of Los Angeles. Waterman's full name is Elizabeth Grecco Waterman, but she is known professionally as Elizabeth Waterman. Waterman is an American fine art photographer with a distinctive body of work depicting the ongoing metamorphosis of artists and performers of many genres. Her images frequently explore female sexuality, sex work, obsessions, and portraits of artists.

5.     Plaintiff NY Black and Gold Corporation ("NYBG") is an image-centric social media company, owned and operated by Waterman, and registered with the state of California on or around August 30, 2020. NYBG is a California

2

**COMPLAINT**

corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

6. Plaintiffs are informed and believe, and upon that basis allege, that Defendant Twitter, Inc. (hereinafter "Twitter") is a corporation formed under the laws of the state of Delaware, with its principal place of business at 1355 Market St., Suite 900, San Francisco, California 94103.

7. Plaintiffs are informed and believe, and upon that basis allege, that Defendant X Corp. (hereinafter "X") is a corporation formed under the laws of the state of Delaware, with its principal place of business at 1355 Market St., Suite 900, San Francisco, California 94103.

8. DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said defendants when the same have been ascertained. Plaintiffs are informed and believe, and upon such allege, that each of the defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such defendants.

## STATEMENT OF FACTS

*Plaintiffs' Business and the Photographs Forming*
*the Subject Matter of This Dispute*

9. Waterman has created many high value photographs throughout her career, both individually and through NYBG. Waterman has authored many iconic images that have generated substantial amounts of money through sales and publishing. In the marketplace, professional photographs carry tremendous monetary value.

10. True and correct copies of the specific photographs as issue in this case (the "Photos") created and owned by Plaintiffs are attached hereto as **Exhibit A**.

11.     Plaintiffs have timely obtained copyright registration for each of their respective Photos with the United States Copyright Office. True and correct copies of each of the copyright registration certificates for the Photos are attached hereto as **Exhibit B**.

12.     Plaintiffs received copyright registration for each of their respective Photos prior to Defendants' copyright infringement of the Photos. All of the Photos were created by Waterman, NYBG is the rightsholder for some of the Photos

*The Defendants and the Marketplace*

13.     Defendant Twitter was the operator of the social media platform social media platform Twitter up until 2022, when it was bought out by X, and the platform changed its name to X. Infringement began prior to the acquisition of Twitter by X, and continued after the acquisition and subsequent rebranding as X. However, for purposes of clarity, this Complaint will refer to the platform as Twitter.

14.     On Twitter, users can send out (colloquially "tweet") a text-based message, or alternatively can tweet images.

15.     User-uploaded images are subject to the safe harbor provision of the Digital Millennium Copyright Act, which precludes liability for copyright infringement by internet service providers such as Defendants, provided that Defendants comply with requests by copyright owners to remove infringing materials upon receipt of a demand to do so. These "take-down" requests are industry standard.

*Defendants' Infringement*

16.     In recent years, Defendants have stopped honoring DMCA takedown requests and have continued to facilitate copyright infringement despite repeated DMCA takedown requests, such that Defendants' conduct removes it from the safe harbor provided by the DMCA and amounts to copyright infringement. True and correct copies of instances of Defendants reproducing, publicly displaying, and

4

**COMPLAINT**

distributing the Photos on Twitter without permission, license, or authorization are attached hereto as **Exhibit C**.

17.     As set forth below for each copyrighted image, Plaintiffs sent DMCA takedown requests in compliance with the statute but—apart from a few isolated incidents—Defendants took no action to cease their copyright infringement.

18.     Plaintiffs sent these DMCA takedown demands to the registered DMCA agent for Twitter, as well as to the subsequent registered DMCA agent for X.

19.     The designated DMCA agent for Twitter is copyright@twitter.com. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 29, 2022 to the present.

20.     The designated DMCA agent for X is nbaseer@x.com. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 28, 2023 to the present.

21.     Despite Plaintiffs sending valid DMCA takedown notices, many of the Photos are continuing to be infringed by Defendants as of the filing of this Complaint.

22.     Absent safe harbor protection under the DMCA, Defendants' reproduction and public display of the Photos amounts to copyright infringement.

23.     Further, Defendants' clear knowledge and prior practice of honoring takedown demands indicates either a willful choice to stop honoring DMCA takedown demands or a reckless disregard for its known obligations. Either way, Defendants' conduct amounts to willful copyright infringement.

24.     Despite Defendants' awareness of the importance of intellectual property rights and their potential to incur liability for the infringement of the same, Defendants infringed Plaintiffs' copyrights in the Photos.

25.     None of the users that uploaded the Photos for public display and distribution on Twitter had permission, license, or authority to do so.

26.     At no point did Defendants seek a license for the Photos and at no point did Plaintiffs provide any such permission or license for Defendants to use the Photos. To the contrary, Plaintiffs repeatedly requested that Twitter cease its copyright infringement. Plaintiffs have never sold, licensed, or authorized the use of the Photos to Defendants.

27.     Plaintiffs are informed and believe that Defendants have violated federal law by willfully infringing Plaintiff's copyrights to at least the Photos identified in Exhibit A. Specifically, Defendants reproduced, displayed, and distributed the Photos, and/or derivatives thereof without permission, consent, or license.

28.     On information and belief, Twitter has generated revenue through its social media platform. The website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

*Photo No. 1*

29.     **Photo No. 1** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



30.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-211-185 for

6

**COMPLAINT**

this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

31.     At least as early as September 19, 2019, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/beamiller/status/1174419499270975489/photo/1.

32.     On or about March 20, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

33.     On or about March 20, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

34.     As of April 23, 2024, this image remains publicly displayed on Twitter.

35.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 2*

36.     **Photo No. 2 is** an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



37.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VAu 1-366-084 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

**COMPLAINT**

38.     At least as early as May 10, 2022, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/OrgenTv/status/1524051552075403265.

39.     On or about September 20, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

40.     On or about December 13, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

41.     As of January 14, 2024, this image remained publicly displayed on Twitter.

42.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 3*

43.     **Photo No. 3** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:

44.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VAu 1-353-347 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.



45.     At least as early as April 21, 2023, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the

**COMPLAINT**

Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/EyedentityOptic/status/1649376684683022337/photo/1.

46.     On or about September 26, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

47.     On or about December 18, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

48.     In response, Twitter stated that they needed more information and assigned case number 0342462693.

49.     As of January 18, 2024, this image remained publicly displayed on Twitter.

50.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 4*

51.     **Photo No. 4** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



52.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-205-488 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

53.    At least as early as September 3, 2018, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://x.com/poca_dj/status/1036367196967120905/photo/3/.

54.    On or about October 7, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

55.    On or about December 24, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

56.    In response, Twitter stated that they needed more information and assigned case number 0343680968.

57.    As of January 24, 2024, this image remained publicly displayed on Twitter at the URL above.

58.    As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 5*

59.    **Photo No. 5** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



60.    Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VAu 1-287-682

**COMPLAINT**

for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

61.     At least as early as June 9, 2023, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/yamamiya/status/1667140250697625606/photo/1.

62.     On or about October 11, 2023, Waterman sent a DMCA takedown demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

63.     On or about February 6, 2024, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

64.     In response, Twitter stated that they needed more information and assigned case number 0341829334.

65.     As of March 6, 2024, this image remained publicly displayed on Twitter.

66.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 6*

67.     **Photo No. 6** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



**COMPLAINT**

68.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-211-185 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

69.     At least as early as May 28, 2021, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/SPGCICoal/status/1398044420805701636/photo/1.

70.     On or about October 12, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

71.     On or about December 28, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

72.     In response, Twitter stated that they needed more information and assigned case number 0344230560.

73.     As of January 28, 2024, this Photo remained publicly displayed on Twitter at the URL above.

74.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 7*

75.     **Photo No. 7** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



12

**COMPLAINT**

76.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-223-307 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

77.     At least as early as November 26, 2023, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/Not_aGentleman/status/1728772034765934662.

78.     On or about December 7, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

79.     On or about January 10, 2024, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph. A true and correct copy of this email is included in Exhibit E to this Complaint.

80.     In response, Twitter stated that they needed more information and assigned case number 0352487546.

81.     As of February 10, 2024, this Photo remained publicly displayed on Twitter at the URL above.

82.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 8*

83.     **Photo No. 8** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



**COMPLAINT**

84.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-211-185 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

85.     At least as early as July 7, 2016, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/realratedred/status/750743711315664896/photo/1.

86.     On or about October 12, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

87.     On or about January 3, 2024, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

88.     In response, Twitter stated that they needed more information and assigned case number 0341829334.

89.     As of February 3, 2024, this Photo remained publicly displayed on Twitter at the URL above.

90.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 9*

91.     **Photo No. 9** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



14

**COMPLAINT**

92.     Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-206-155 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

93.     At least as early as March 30, 2020, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/DiajengLrst/status/1244380707671007235/photo/1.

94.     On or about October 16, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

95.     On or about January 5, 2024, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph.

96.     In response, Twitter stated that they needed more information and assigned case number 0344738870.

97.     As of February 5, 2024, this Photo remained publicly displayed on Twitter at the URL above.

98.     As of the filing of this Complaint, this Photo remains publicly displayed on Twitter at the URL above.

*Photo No. 10*

99.     **Photo No. 10** is an image created and copyrighted by Waterman. A true and correct copy of this image is included in Exhibit A of this Complaint. A thumbnail version of this Photo is below:



15
**COMPLAINT**

100.   Waterman registered her copyright in this Photo with the U.S. Copyright Office and is the owner of Copyright Registration No. VA 2-205-488 for this Photo. A copy of the registration certificate is included in Exhibit B of this Complaint.

101.   At least as early as September 3, 2018, a Twitter user uploaded this Photo to Twitter. A copy of a screenshot of this public display and distribution of the Photo included in Exhibit C of this Complaint. The URL of this infringement is: https://twitter.com/poca_dj/status/1036367196967120905/photo/4.

102.   On or about October 7, 2023, Waterman sent a DMCA demand to Twitter's DMCA agent at copyright@twitter.com demanding removal of the infringing photograph.

103.   On or about December 20, 2023, Waterman sent a DMCA demand to X's DMCA agent at nbaseer@x.com demanding removal of the infringing photograph. A true and correct copy of this email is included in Exhibit E to this Complaint.

104.   In response, Twitter stated that they needed more information and assigned case number 034666669.

105.   As of November 7, 2023, this Photo remained publicly displayed on Twitter at the URL above.

## FIRST CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 501)

### (By All Plaintiffs against All Defendants)

106.   Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 105 above as though fully set forth herein.

107.   Waterman or NYBG is the rightsholder to the copyright of the Photos, which substantially consist of wholly original material that constitute copyrightable subject matter under the laws of the United States. Plaintiffs have complied in all respects with the Copyright Act and all laws of the United States governing

copyrights. The Photos have been timely registered with the United States Copyright Office. *See* Exhibit A.

108.  Defendants directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiffs' copyrights by reproducing, displaying, distributing, and utilizing the Photos for purposes of trade without authorization of or payment to Plaintiffs in violation of 17 U.S.C. § 501 et seq. Defendants exercise control over which images and posts are displayed and curated on Twitter. Such curation proximately causes infringing material to be distributed and published on Twitter and subsequently viewed by users on Twitter.

109.  Defendants willfully infringed, and unless enjoined, will continue to infringe Plaintiffs' copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photos for purposes of trade.

110.  Plaintiffs are informed and believe that Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

111.  Plaintiffs are informed and believe that Defendants, despite such knowledge, willfully reproduced and distributed the Photos, without any right to do so.

112.  Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and use of their services.

113.  Defendants' unauthorized actions were and are continuing to be performed without Plaintiff's permission, license, or consent.

114.  Defendants' wrongful acts have caused, and are causing, great injury to Plaintiffs, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiffs will suffer

17

**COMPLAINT**

irreparable injury, for all of which they are without an adequate remedy at law. Accordingly, Plaintiffs seek a declaration that Defendants are infringing Plaintiffs' copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiffs' copyrights.

115.    As a result of Defendants' wrongful acts alleged herein, Plaintiffs have suffered and are suffering substantial damage to their business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, all of which are not yet fully ascertainable.

116.    Because of the willful nature of Defendants' copyright infringement, Plaintiffs are entitled to an award of statutory damages of up to $150,000 per copyrighted work.

117.    Plaintiffs have identified at least ten copyrighted works infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photos on the Defendants' website.

118.    Alternatively, at its discretion, Plaintiffs are entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

119.    Plaintiffs are also entitled to their attorneys' fees and costs in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.    That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiffs' rights in the photographs at issue;

2.     That Defendants be held liable to Plaintiffs in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3.     That an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiffs' copyrights pursuant to 17 U.S.C. § 504(a)(1) and (b);

4.     Requiring Defendants to account for and pay over to Plaintiffs all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiffs for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504(a)(1) and (b);

5.     For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504(a)(1) and (b);and

6.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  June 10, 2024          **ONE LLP**

By: /s/ Taylor C. Foss
     Taylor C. Foss
     Peter R. Afrasiabi
     Victoria E. Mulvey
     Attorneys for Plaintiffs,
     Elizabeth Waterman and NY Black and
     Gold Corporation

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury as to all claims and all issues properly

3    triable thereby.

4

5    Dated:  June 10, 2024                    **ONE LLP**

6

7                                            By: /s/ Taylor C. Foss                                

8                                                Taylor C. Foss
                                                 Peter R. Afrasiabi

9                                                Victoria E. Mulvey
                                                 Attorneys for Plaintiffs,

10                                               Elizabeth Waterman and NY Black and
                                                 Gold Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**