Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Zack Chibane (admitted *pro hac vice*)
zchibane@x.com
Christopher Guerriero (admitted *pro hac vice*)
cguerriero@x.com
X CORP.
249 W. 17th Street
New York, NY 10011
Telephone: (201) 228-0699

*Attorneys for Defendant X Corp., in its
corporate capacity and as successor in interest
to named defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN, an individual; and NY BLACK AND GOLD CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; X CORP., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-04881-SRM-PD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:    July 31, 2025**<br>**Time:    1:30 P.M.**<br>**Place:   Courtroom 5D**<br><br>Assigned to The Hon. Serena R. Murillo |

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on July 31, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, Defendant X Corp., in its corporate capacity and also as successor in interest to named defendant Twitter, Inc. ("Twitter") will, and hereby does, move the Court to grant Defendant's Motion for Judgment on the Pleadings, on the grounds that judgment on the pleadings should be granted because the Second Amended Complaint filed by Plaintiffs Elizabeth Waterman and her company NY Black and Gold Corporation ("Plaintiffs") fails to state a claim for copyright infringement.

This motion is made pursuant to Federal Rule of Civil Procedure 12(c), and is based on this Notice of Motion and Motion for Judgment on the Pleadings, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

Under Local Rule 7-3 and section G.1 of Your Honor's Standing Order, defendant respectfully files this motion following the June 13, 2025 meet and confer of the parties' counsel, during which counsel thoroughly discussed the substance and potential resolution of the filed motion by videoconference.

Dated: June 20, 2025          WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
    Kenneth M. Trujillo-Jamison
    Attorneys for Defendant X Corp., in its
    corporate capacity and as successor in interest
    to named defendant Twitter, Inc.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ..................................................................................... 1

II.   BACKGROUND ...................................................................................... 2

    A.    The Parties ....................................................................................... 2

    B.    Plaintiffs' Original Complaint ......................................................... 3

    C.    Plaintiffs' Amended Complaint ....................................................... 3

    D.    Defendant's Answer ........................................................................ 4

    E.    Plaintiffs' Operative Second Amended Complaint .......................... 4

    F.    Plaintiffs' Claim for Relief ............................................................. 6

III.  LEGAL STANDARD .............................................................................. 6

IV.   ARGUMENT ........................................................................................... 7

    A.    Plaintiffs Fail to State A Copyright Infringement Claim Under
        Any Theory ...................................................................................... 7

        1.    Plaintiffs Fail to Plausibly Allege Direct Copyright
             Infringement ............................................................................ 7

        2.    Plaintiffs Fail to Plausibly Allege Indirect Infringement .......... 9

             a.    Plaintiffs Fail to Plausibly Allege Contributory
                  Infringement .................................................................. 9

             b.    Plaintiffs Fail to Plausibly Allege Vicarious
                  Infringement ................................................................ 13

    B.    Many of Plaintiffs' Claims Are Time-Barred by the Three-Year
        Statute of Limitations .................................................................... 15

V.    CONCLUSION ...................................................................................... 16

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*Abundant Living Family Church v. Live Design, Inc*,
  No. 5:22-CV-00140-RSWL-MRWx,

5

  2022 WL 14708949 (C.D. Cal. Oct. 24, 2022)......................................................5

6

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) .................................................................6

7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................6

8

9

*Chandavong v. Fresno Deputy Sheriff's Ass'n*,
  599 F. Supp. 3d 1017 (E.D. Cal. 2022) ...........................................7

10

*CoStar Grp., Inc. v. LoopNet, Inc.*,
  373 F.3d 544 (4th Cir. 2004) ..............................................................11

11

12

*Davis v. Pinterest, Inc.*,
  No. 19-cv-07650-HSG, 2020 WL 4201681 (N.D. Cal. July 22, 2020)..............12

13

*Fodor v. AOL Time Warner, Inc.*,
  217 F. App'x 622 (9th Cir. 2007) ........................................................16

14

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797 (2005) ...............................................................15, 16

15

16

*Greg Young Publ'g, Inc. v. Zazzle, Inc.*,
  No. 2:16-CV-04857-SVW-KS, 2017 WL 2729584 (C.D. Cal. May 1, 2017)....11

17

*Gregg v. Haw., Dep't of Pub. Safety*,
  870 F.3d 883 (9th Cir. 2017) .............................................................6

18

19

*Harris v. County of Orange*,
  682 F.3d 1126 (9th Cir. 2012) ............................................................6

20

*In re Long*,
  854 F. App'x 861 (9th Cir. 2021) .................................................9, 14

21

22

*Io Grp., Inc. v. Veoh Networks, Inc.*,
  586 F. Supp. 2d 1132 (N.D. Cal. 2008) ............................................13

23

24

*Kuhmstedt v. Enttech Media Grp., LLC*,
  No. 2:21-cv-10032-SVVV-JEM, 2022 WL 1769126 (C.D. Cal. Apr. 11, 2022)16

25

*Lang Van, Inc. v. VNG Corp.*,
  No. 8:14-cv-00100-FWS-JDE, 2024 WL 5275645 (C.D. Cal. Oct. 2, 2024).......6

26

27

*Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co.*,
  710 F.3d 1068 (9th Cir. 2013) ..........................................................10

28

*Michael Grecco Prods. v. TikTok, Inc.*,
  No. 2:24-cv-04837-FLA (MARx), 2025 U.S. Dist. LEXIS 46287 (C.D. Cal.
  Mar. 12, 2025 ........................................................................................9, 10, 14

*Nat'l Photo Grp.. LLC v. Allvoices, Inc.*,
  No. C-13-03627 JSC, 2014 WL 280391 (N.D. Cal. Jan. 24, 2014) ...................12

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .........................................................................13

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) .............................................................7, 12, 13, 14

*Perfect 10, Inc. v. Google, Inc.*,
  416 F. Supp. 2d 828 (C.D. Cal. 2006) ..............................................................13

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) ...................................................................9, 11, 12

*Rosen v. Ebay, Inc.*,
  No. CV 16-9183-MWF (Ex), 2018 WL 4808513 (C.D. Cal. Apr. 4, 2018) .........9

*Stross v. Twitter, Inc.*,
  No. 2:21-cv-8360-SVW,
  2022 WL 1843142 (C.D. Cal. Feb. 28, 2022) .....................................8, 10, 14, 15

*Tur v. YouTube*,
  No. CV064436 FMC AJWX, 2007 WL 1893635 (C.D. Cal. June 20, 2007).....13

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019) ....................................................................7, 8, 13

*Wasco Prods. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ...........................................................................15

*Waterman v. TikTok, Inc.*,
  No. 2:24-cv-04802-AB-AJR,
  2024 WL 5413655 (C.D. Cal. Oct. 30, 2024)..............................8, 10, 12, 13, 14

*Zhang v. Twitter Inc.*,
  No. 23-cv-00980-JSC, 2023 WL 5493823 (N.D. Cal. Aug. 23, 2023)................5

**Statutes**

17 U.S.C. § 106.....................................................................................................7

17 U.S.C. § 507(b)...............................................................................................15

17 U.S.C. § 512(c)(3)(A)......................................................................................11

17 U.S.C. § 512(c)(3)(B)......................................................................................11

17 U.S.C. § 512(l)................................................................................................11

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 6

Fed. R. Civ. P. 12(c) ................................................................................................. 6

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  I.  **INTRODUCTION**

2      Plaintiffs' Second Amended Complaint ("SAC") focuses entirely on

3  Twitter's alleged failure to remove supposedly infringing user posts from its social

4  media platform.[1] The SAC rests on a conclusory theory that "Plaintiffs sent

5  DMCA take down requests in compliance with the statute" and "Defendants have

6  stopped honoring" those requests. SAC ¶¶ 17–18. This theory lacks any plausible

7  factual support, gets the law wrong, and fails on its own terms. The DMCA is not a

8  means of establishing *prima facie* copyright liability. Plaintiffs must plead factual

9  allegations that plausibly establish the required elements of Plaintiffs' copyright

10 claim, but they have failed to do so.

11     The SAC does not plausibly allege that Twitter directly infringed Plaintiffs'

12 copyrights, because it contains *no* allegations *at all* of any volitional conduct by

13 Twitter. Rather, the SAC alleges, and its Exhibit C confirms, that the alleged

14 infringement occurred when third-party "users"— not Twitter—uploaded certain

15 posts to the platform. Allegations that Twitter infringed Plaintiffs' copyrights

16 merely by operating its social media platform are insufficient to plausibly allege

17 direct infringement.

18     Nor does the SAC plausibly allege that Twitter contributorily infringed the

19 copyrights. Plaintiffs fail to allege Twitter knew of the supposed infringements, let

20 alone that it materially contributed to or induced them. Plaintiffs try to impute

21 knowledge to Twitter by concluding that they "sent DMCA takedown requests in

22 compliance with the statute." SAC ¶ 18. But this Court routinely requires more—

23 Plaintiffs must describe the *substance* of those notices to sustain a claim. Holding

24 otherwise would turn the DMCA on its head: instead of immunizing Twitter from

25 otherwise well-pleaded claims, it would subject Twitter to liability based on

26

27 _____

28 [1] Twitter, the online social media platform, has been re-branded as "X." This brief
   continues to refer to "Twitter" throughout for ease of understanding.

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs' conclusory assertion that they complied with the statute. Knowledge aside, Plaintiffs' failure to plausibly allege that Twitter had the practical ability to identify and remove the alleged infringements or that it induced the infringement in any way separately undercut any contributory infringement theory.

The SAC also fails to allege that Twitter is vicariously liable for the purported infringements. Plaintiffs' conclusion that Twitter generally controls the content on its website is insufficient, and the lack of allegations suggesting that it could curtail the infringement alleged here is dispositive. Separately, the SAC is devoid of allegations that Twitter derived revenue or any other direct financial benefit from the specific instances of infringement alleged here.

Finally, the three-year statute of limitations provides a separate dispositive basis for granting this motion with respect to Photos 1, 4, 6, 8, 9, 10, 11, and 12. Each of these alleged infringements occurred more than three years before Plaintiffs initiated this action. The SAC does not allege that Plaintiffs only discovered these infringements within three years of filing suit, let alone that any delayed discovery was reasonable enough to warrant tolling the statute of limitations under the discovery rule.

Accordingly, this Court should grant judgment on the pleadings and dismiss the SAC with prejudice.

## II.  BACKGROUND

### A.    The Parties

According to the SAC, Plaintiff Elizabeth Grecco Waterman is an American photographer who "has created many high value photographs throughout her career, both individually and through NYBG" and has "authored many iconic images that have generated substantial amounts of money through sales and publishing." SAC ¶¶ 4, 10. The SAC alleges that "[a]ll of the Photos were created by Waterman." *Id.* ¶ 13.

According to the SAC, Plaintiff NY Black and Gold Corporation ("NYBG") is a social media company owned and operated by Waterman, "and the resulting corporation from a 2021 merger with Black and Gold Corporation, a New York corporation." *Id.* ¶ 5. The SAC claims that "NYBG is the successor-in-interest to all copyrights registered and previously owned by Black and Gold Corporation," and that "NYBG is the rightsholder for some of the Photos." *Id.* ¶¶ 5, 13.

The SAC names as defendants X Corp. and Twitter, Inc. (Twitter, Inc. was merged into X Corp. and no longer exists. Because the SAC primarily challenges conduct allegedly conducted when Twitter, Inc. existed, this brief continues to refer to "Twitter" for ease of understanding.) Plaintiff alleges that Twitter is "an internet service provider[]" that allegedly "operat[ed] . . . the social media platform social media platform [sic] Twitter up until 2022, when it was bought out by X, and the platform changed its name to X." *Id.* ¶¶ 14, 16. On Twitter, "users can send out (colloquially 'tweet') a text-based message or alternatively, can tweet images." *Id.* ¶ 15.

### B.    Plaintiffs' Original Complaint

Plaintiffs filed their original complaint on June 10, 2024, asserting a single claim against Twitter for direct, contributory, and vicarious copyright infringement. Dkt. No. 1 (the "Original Complaint"). Plaintiffs alleged that, beginning in March 2023, they sent a number of "DMCA demands" ("Requests"), to Twitter regarding user-uploaded images on the platform that allegedly infringed 10 copyrighted works ("Photos") owned by Plaintiffs. The Original Complaint, like the FAC and the operative SAC, alleged nothing about the content of the Requests or when Plaintiffs discovered any infringement.

### C.    Plaintiffs' Amended Complaint

Four days later, Plaintiffs amended their complaint to make a few stylistic changes and to correct X Corp.'s state of incorporation to Nevada ("FAC"). The substantive allegations remained identical, so the FAC still contained no

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

allegations about the substance of the Requests or when Plaintiffs discovered the purported infringement.

### D.    Defendant's Answer

On August 8, 2024, Twitter filed its Answer and Affirmative Defenses to Plaintiffs' FAC. Dkt. 19 ("Answer"). Among other affirmative defenses, Twitter asserted that: (i) Plaintiffs' FAC fails to state facts sufficient to constitute a claim upon which relief can be granted; and (ii) the three-year statute of limitations bars many of Plaintiffs' claims. Dkt 19 at 13–14.

### E.    Plaintiffs' Operative Second Amended Complaint

On January 21, 2025, after obtaining leave of court, Plaintiffs filed the operative SAC. There, Plaintiffs added a second instance of alleged infringement for Photo No. 6 (*id.* ¶ 76), and two more Photos (Photos Nos. 11, 12) that user-uploaded posts allegedly infringed. *Id.* ¶¶ 113–33. Like its predecessors, the SAC contains no allegations concerning the substance of any Requests sent to Twitter concerning the Photos or when Plaintiffs discovered any purported infringement. The SAC includes the Photos as Exhibit A, copies of alleged "copyright registration certificates for the Photos" as Exhibit B, and instances of alleged infringement as Exhibit C. *Id.* ¶¶ 11, 12, 17.

For each alleged instance of infringement, the SAC claims that Twitter "user[s] uploaded [the] Photo[s] to Twitter." *E.g.*, *id*. ¶ 32. While the SAC confusingly claims that its Exhibit C shows "instances of *Defendants* reproducing, publicly displaying, and distributing the Photos on Twitter without permission, license, or authorization," that exhibit shows *only* third-party users' posts, not any posts or content created by Twitter. *Id*. ¶ 17. Nor does the SAC contain any allegations suggesting that Twitter or its employees ever posted, selected for inclusion, or actually included, any Photos in its services, advertisements, or features, through automated means or otherwise.

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs concede that, typically, "user-uploaded images are subject to the safe harbor provision of the Digital Millennium Copyright Act which precludes liability for copyright infringement by internet service providers such as Defendants" where certain circumstances are met. *Id*. ¶ 16. However, Plaintiffs baselessly claim that "[i]n recent years, Defendants have stopped honoring DMCA takedown requests and have continued to facilitate copyright infringement despite repeated DMCA takedown requests, such that Defendants' conduct removes it from the safe harbor provided by the DMCA and amounts to copyright infringement." *Id*. ¶ 17. This conclusory and implausible allegation is contradicted by the SAC itself, which acknowledges that Twitter maintains a designated DMCA agent. *Id*. ¶¶ 19–21.[2]

Along these lines, the SAC concludes that "for each copyrighted image, Plaintiffs sent DMCA takedown requests in compliance with the statute but—apart from a few isolated incidents—Defendants took no action to cease their copyright infringement." *Id.* ¶ 18. The SAC contains no allegations concerning the substance of any Requests sent to Twitter. Instead, the SAC only alleges that "in response" to Requests concerning ten of the twelve Photos, "Twitter stated that they needed

---

[2] *See also* https://transparency.x.com/en/reports/global-reports/2025-transparency-report. Twitter also maintains a Copyright Policy providing for removal of certain posts, and its Terms explicitly require users to warrant that their posts will not contain infringing material. https://help.x.com/en/rules-and-policies/copyright-policy; https://x.com/en/tos; https://x.com/en/tos/previous/version_13. X Corp. respectfully requests that the Court take judicial notice of these websites, as "this Court may judicially notice publicly accessible websites." *Abundant Living Family Church v. Live Design, Inc*, No. 5:22-CV-00140-RSWL-MRWx, 2022 WL 14708949, at *2 (C.D. Cal. Oct. 24, 2022) (collecting cases). Indeed, "[c]ourts routinely take judicial notice of terms of service," including Twitter's. *E.g.*, *Zhang v. Twitter Inc*., No. 23-cv-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (collecting cases).

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

1   more information." SAC ¶¶ 112–132. For the two remaining Photos, the SAC is
2   silent as to whether Twitter responded.

3      On March 24, 2025, the parties stipulated that the Answer to Plaintiffs' FAC
4   shall serve as its Answer to Plaintiffs' operative SAC. Dkt 33.

5      ### F.  Plaintiffs' Claim for Relief

6      Plaintiffs' sole claim against Twitter is for copyright infringement. Without
7   differentiating between Defendants or theories of liability, the SAC concludes that
8   "Defendants directly, vicariously, and/or contributorily infringed." SAC ¶ 136. The
9   SAC also alleges that infringement was "willful," relying solely on Twitter's "prior
10  practice of honoring takedown demands." *Id.* ¶ 24.

11  ## III. LEGAL STANDARD

12     "'After the pleadings are closed—but early enough not to delay trial—a
13  party may move for judgment on the pleadings.'" *Lang Van, Inc. v. VNG Corp.*,
14  No. 8:14-cv-00100-FWS-JDE, 2024 WL 5275645, at *2 (C.D. Cal. Oct. 2, 2024)
15  (citing Fed. R. Civ. P. 12(c)). A defendant may raise a plaintiff's failure to state a
16  claim upon which relief can be granted in a Rule 12(c) motion if a responsive
17  pleading has already been filed." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.
18  1980). "Because Rule 12(c) and Rule 12(b)(6) motions are 'functionally identical,'
19  the same standard of review applies to motions brought under either rule." *Lang
20  Van, Inc.*, 2024 WL 5275645, at *2 (citing *Gregg v. Haw., Dep't of Pub. Safety*,
21  870 F.3d 883, 887 (9th Cir. 2017)).

22     Accordingly, "[t]he Court inquires whether the complaint at issue contains
23  'sufficient factual matter, accepted as true, to state a claim of relief that is plausible
24  on its face.'" *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).
25  "The Court is not required 'to accept as true a legal conclusion couched as a factual
26  allegation.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)). Relatedly, the
27  court need not credit "allegations that contradict exhibits attached to the
28  [c]omplaint, or matters properly subject to judicial notice, or allegations that are

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
*Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D.
Cal. 2022).

## IV. ARGUMENT

### A. Plaintiffs Fail to State A Copyright Infringement Claim Under Any Theory

#### 1. *Plaintiffs Fail to Plausibly Allege Direct Copyright Infringement*

In addition to showing ownership of the Photos and violation of an exclusive right under 17 U.S.C. § 106, Plaintiffs' direct infringement theory "requires [showing] causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc*., 847 F.3d 657, 666 (9th Cir. 2017) (holding a platform that displayed user-uploaded images on a message board was not liable under a direct infringement theory). For a website operator like Twitter, volitional conduct requires showing that it is "actively involved in the infringement," "other than by general operation of its website," so "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *VHT, Inc. v. Zillow Grp., Inc*., 918 F.3d 723, 732 (9th Cir. 2019) (cleaned up).

The Ninth Circuit's decision in *VHT, Inc.* forecloses Plaintiffs' direct infringement claim. There, the court explained that volitional conduct requires showing that the defendant "selected" or "instigated" the alleged infringement. *Id.* at 732. "By contrast, activities that fall on the other side of the line, such as automatic copying, storage, and transmission of copyrighted materials, when instigated by others, do not render an [Internet service provider] strictly liable for copyright infringement." *Id*. Applying this test, the Ninth Circuit found Zillow liable for direct infringement where "Zillow moderators selected and tagged" infringing photos, but dismissed claims based on user-uploaded photos because

1  "Zillow did not "select" or "control" these photos beyond the "general operation of
2  its website." *Id*.

3      The SAC does not allege *any* volitional conduct by Twitter, but rather claims
4  that each infringement occurred when "a Twitter user uploaded this Photo to
5  Twitter." *E.g.*, SAC ¶ 32. Exhibit C to the SAC, which contains only purported
6  images of posts by third-party users including the Photos, confirms that the alleged
7  infringement is not based on any volitional conduct by Twitter. Plaintiffs'
8  conclusory allegations that "Defendants exercise control over which images and
9  posts are displayed and curated on Twitter," even if credited as true, would show
10  only the "general operation of its website" that the Ninth Circuit held is insufficient
11  to establish volitional conduct. *VHT, Inc*., 918 F.3d at 733 (rejecting allegations
12  that Zillow "designed its system to . . . cause[] the reproduction, display, and
13  adaptation of [the plaintiff's] photographs").

14      Indeed, in *Stross v. Twitter, Inc.*, this Court dismissed a direct infringement
15  claim after holding that far more detailed allegations than those present here failed
16  to plausibly allege volitional conduct by Twitter. No. 2:21-cv-8360-SVW, 2022
17  WL 1843142, at *2 (C.D. Cal. Feb. 28, 2022) (allegations that Twitter "designed
18  its website to algorithmically select content" and "decides what content (including
19  photographs) is suggested, recommended, and/or displayed to users" were
20  "insufficient 'to cross the volitional-conduct line'" established by the 9th Circuit in
21  *VHT Inc*.) This Court has reached that same result in copyright infringement cases
22  brought against other social media website operators, including in a recent case
23  involving the same plaintiff. *Waterman v. TikTok, Inc*., No. 2:24-cv-04802-AB-
24  AJR, 2024 WL 5413655, at *2 (C.D. Cal. Oct. 30, 2024); *Michael Grecco Prods.*

25
26
27
28

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

1    *v. TikTok, Inc*., No. 2:24-cv-04837-FLA (MARx), 2025 U.S. Dist. LEXIS 46287,

2    at *7 (C.D. Cal. Mar. 12, 2025).[3]

3        In sum, Plaintiffs fail to plausibly allege direct infringement of the Photos by

4    Twitter.

5        **2.    *Plaintiffs Fail to Plausibly Allege Indirect Infringement***

6        Plaintiffs' contributory and vicarious infringement theories fare no better, as

7    the SAC fails to plausibly allege facts sufficient to meet the elements required to

8    state a claim under either a contributory or vicarious liability theory.

9        a.    Plaintiffs Fail to Plausibly Allege Contributory

10            Infringement

11        To state a claim based on contributory infringement, Plaintiffs must allege

12    that Twitter had "[(1)] knowledge of another's infringement *and* (2) either (a)

13    materially contribute[d] to or (b) induce[d] that infringement." *Perfect 10, Inc. v.*

14    *Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (emphasis added). The

15    SAC fails to sufficiently plead either requirement.

16        *First*, Plaintiffs must plead "*actual knowledge* of *specific acts* of

17    infringement." *Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co*., 710 F.3d

18    _____

19    [3] Any suggestion that Twitter failed "to remove the infringing images from its

20    servers after it received Plaintiff's [notices of copyright infringement] does not
     constitute the volitional conduct necessary for direct copyright infringement."

21    *Rosen v. Ebay, Inc*., No. CV 16-9183-MWF (Ex), 2018 WL 4808513, at *5 (C.D.

22    Cal. Apr. 4, 2018). Further, even if the SAC sufficiently alleged that Twitter knew
     of the infringing posts (it does not), Twitter's failure to remove them does not

23    amount to volitional conduct because the SAC alleges Twitter responded to
     Requests for 10 of the 12 Photos by asking for more information. SAC ¶¶ 49, 57,

24    65, 73, 79, 87, 95, 103, 111, 118, 124, 131; *see In re Long*, 854 F. App'x 861, 864

25    (9th Cir. 2021) (rejecting argument that "failure to promptly remove [plaintiff's]
     posts amounted to volitional conduct" because "we have rejected such failure-to-

26    act arguments" where "an online service provider . . . request[ed] further

27    information from the copyright holder upon being informed of potential
     infringement on its website.").

28

1068, 1072 (9th Cir. 2013) (citation omitted and emphasis added); *see id.* (dismissing claims because "conclusory allegations that the [defendants] had the required knowledge of infringement are plainly insufficient"). This high bar requires "[m]ore than a generalized knowledge . . . of the possibility of infringement," and in the context of a service provider like Twitter, "contributory liability [does] not automatically follow where the 'system allows for the exchange of copyrighted material.'" *Id.*

The SAC contains *no* allegations about Twitter's knowledge of any infringement at issue. *See generally* SAC. Instead, the SAC concludes that Plaintiffs "sent DMCA takedown requests in compliance with the statute" (*id.* ¶ 18), but this Court has repeatedly found that these kinds of conclusory allegations fail to plausibly allege actual knowledge on the part of social media platform operators. *Waterman*, 2024 WL 5413655, at *3–4; *Michael Grecco Prods.*, 2025 U.S. Dist. LEXIS 46287, at *10. In *Waterman* and *Grecco*, this Court correctly held that alleging that DMCA compliant notices were sent to the defendant without alleging the "specific details" they contained failed to plausibly allege knowledge for DMCA purposes. *Waterman* at *8–9; *Grecco* at *10. This accords with the Ninth Circuit's mandate that actual knowledge must be specifically alleged in non-conclusory fashion. *See Luvdarts*, 710 F.3d at 1072.[4]

Refusing to impute knowledge from bare conclusions of DMCA compliance recognizes that "the DMCA is irrelevant to determining what constitutes a prima

---

[4] In *Stross*, Twitter did not dispute that notices the plaintiff sent complied with the DMCA's requirements—it argued it had not received them at all. 2022 WL 1843142, at *5. The court denied Twitter's argument as a premature factual question because "it is possible that Twitter's security software preserved a copy of the [compliant notice] for later access, or that an employee could review attachments prior to their deletion." The issue here, by contrast, is that Plaintiffs fail to allege what their purported DMCA notices said—information entirely within Plaintiffs' control.

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

facie case of copyright infringement." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004); *see* 17 U.S.C. § 512(l) ("The failure of a service provider's conduct to qualify for limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense"). Instead, the DMCA "grants a safe harbor against liability to certain Internet service providers, *even those with actual knowledge of infringement*, if they have not received statutorily-compliant notice." *Visa*, 494 F.3d at 795 n.4. At any rate, the SAC fails to allege that the Requests identified Plaintiffs' copyrighted works or provided any information required by 17 U.S.C. § 512(c)(3)(A), so an allegation that "Defendants' conduct removes it from the safe harbor" fails on its own terms. *See* 17 U.S.C. 512(c)(3)(B) (explaining that, for purposes of the safe harbor, a notification that fails to comply with enumerated requirements "shall not be considered . . . in determining whether a service provider has actual knowledge or is aware of facts or circumstances from which infringing activity is apparent"); *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04857-SVW-KS, 2017 WL 2729584, at *7 (C.D. Cal. May 1, 2017) ("a deficient notice cannot be used to establish knowledge").[5]

*Second*, even if the SAC had sufficiently pleaded Twitter's knowledge (it did not), it fails to allege that Twitter "materially contributed" to or "induced" the infringement. To plausibly allege material contribution, Plaintiffs must plead facts

---

[5] The SAC's conclusory assertions that "Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law" with a "prior practice of honoring [DMCA] takedown demands" are even further afield from alleging actual knowledge of the infringement alleged here. *ALS Scan, Inc. v. Steadfast Networks, Ltd. Liab. Co.*, 819 F. App'x 522, 524 (9th Cir. 2020) ("The number of notices that [defendant] previously received . . . does not give notice of any specific acts of infringement that are actually occurring.").

showing that Twitter "can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Giganews, Inc*., 847 F.3d at 671 (cleaned up). The SAC contains no such allegations. Courts routinely dismiss contributory infringement claims where, as here, plaintiffs fail to plead what simple measures a defendant could have taken. *Waterman*., 2024 WL 5413655, at *4 (dismissing claim where plaintiff "alleges no facts that Defendant had the ability to control the acts of its users or that Defendant was able to use simple measures to remove the infringing material from its platform"); *Davis v. Pinterest, Inc*., No. 19-cv-07650-HSG, 2020 WL 4201681, at *2 (N.D. Cal. July 22, 2020) (same); *Nat'l Photo Grp., LLC v. Allvoices, Inc*., No. C-13-03627 JSC, 2014 WL 280391, at *6 (N.D. Cal. Jan. 24, 2014) (same).

The SAC falls equally short of pleading inducement, which requires facts that would establish that Twitter "provid[es] a service *with the object of promoting its use to infringe copyright*." *Visa*, 494 F.3d at 801. "Mere knowledge of infringing potential or actual infringing uses" is insufficient: "[i]nstead, inducement premises liability on purposeful, culpable expression and conduct," so "it is crucial to establish that the [defendants] communicated an inducing message to their . . . users, the classic example of which is an advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations." *Id*. (internal quotation marks omitted). Plaintiffs do not, and cannot, allege that Twitter solicits users to infringe copyrights on its Platform. To the contrary, Twitter's Terms of Service require users to warrant that their posts "will not contain material subject to copyright or other proprietary rights, unless you have necessary permission or are otherwise legally entitled to post the material." *See* https://x.com/en/tos/previous/version_13. The SAC's conclusion that "[o]n information and belief . . . website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions," (SAC ¶ 29), is factually unsupported and

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  legally insufficient. *Visa Int'l Serv. Ass'n*, 494 F.3d at 802 (dismissing claim

2  because plaintiff "has not alleged any 'specific acts' intended to encourage or

3  induce infringement").

4           **b.**    <u>Plaintiffs Fail to Plausibly Allege Vicarious Infringement</u>

5       "To prevail on a claim for vicarious infringement, a plaintiff must prove 'the

6  defendant has (1) the right and ability to supervise the infringing conduct *and* (2) a

7  direct financial interest in the infringing activity.'" *Giganews, Inc.*, 847 F.3d at

8  673. The SAC fails to sufficiently plead either element.

9       *First*, "the right and ability to supervise the infringing conduct" "requires

10  both a legal right to stop or limit the directly infringing conduct, as well as the

11  practical ability to do so." *VHT, Inc.*, 918 F.3d at 746 (internal quotation marks and

12  citations omitted). The "pertinent inquiry is not whether [the defendant] has the

13  right and ability to control its system, but rather, whether it has the right and ability

14  to control the infringing activity." *Io Grp., Inc. v. Veoh Networks, Inc.*, 586 F.

15  Supp. 2d 1132, 1151 (N.D. Cal. 2008). This element "presupposes some

16  antecedent ability to limit or filter copyrighted material." *Tur v. YouTube*, No.

17  CV064436 FMC AJWX, 2007 WL 1893635, at *3 (C.D. Cal. June 20, 2007)

18  (emphasis added). For instance, this Court held that Google lacked the right and

19  ability to supervise infringing conduct because it could not "analyze every image

20  on the [I]nternet, compare each image to all the other copyrighted images that exist

21  in the world . . . and determine whether a certain image on the web infringes

22  someone's copyright." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1174

23  (9th Cir. 2007) (citing *Perfect 10 v. Google, Inc.*, 416 F. Supp. 2d 828, 858 (C.D.

24  Cal. 2006), *affirmed in part and reversed in part on separate grounds in*

25  *Amazon.com, Inc.*, 508 F.3d at 1146)).

26       The SAC concludes that "Defendants exercise control over which images

27  and posts are displayed and curated on Twitter" (SAC ¶ 136), but courts

28  considering such bare allegations routinely find them insufficient. *E.g.*, *Waterman*,

2024 WL 5413655, at *4 (rejecting allegation that "Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity" as "bare, legally conclusory language that courts may not accept as true"); *Michael Grecco Prods.*, 2025 U.S. Dist. LEXIS 46287, at *9 (similar conclusion). Even in *Stross*, where Twitter did not contest that the takedown notices complied with the DMCA, the court still dismissed vicarious infringement claims as "premised entirely on conclusory allegations." 2022 WL 1843142, at *4.

*Second*, Plaintiffs fail to allege that Twitter "derive[d] a direct financial benefit from the direct infringement" of the Photos. *In re Long,* 854 F. App'x 861, 864 (9th Cir. 2021). Whether Twitter receives revenue or attracts users from other copyrighted works on its platform is irrelevant; Plaintiffs must plead that the allegedly infringing uses of the Photos benefited Twitter. *Giganews, Inc.*, 847 F.3d at 674 (affirming dismissal of vicarious infringement claim where plaintiff "provides evidence that suggests only that some subscribers joined [defendant's website] to access infringing material generally" but "does not proffer evidence showing that [defendant] attracted subscriptions because of the infringing [plaintiff-owned] material"); *In re Long*, 854 F. App'x at 864 (affirming dismissal of vicarious infringement claim where plaintiff "has not pleaded facts indicating that Facebook 'derive[d] a direct financial benefit from the direct infringement'").

The SAC contains just a single, conclusory allegation that "[o]n information and belief . . . website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions." SAC ¶ 29. This Court has found materially identical allegations by the same Plaintiffs insufficient. *Waterman*, 2024 WL 5413655, at *5 (rejecting allegation that "[d]efendant has a direct financial interest in the profits from the infringing activity" through "increased traffic" as a "vague and conclusory statement [that] does not allege any relationship between the infringing

1  activity and the alleged increased traffic"). Here, like in *Waterman*, Plaintiffs "do[]

2  not make any attempt to show how increased traffic establishes a financial interest

3  or how this alleged infringement has created increased traffic" on Twitter's

4  platform. *Id.* Indeed, in *Stross* this Court rejected far more specific allegations of

5  Twitter's financial interests because they "[did] not establish any sort of plausible

6  link between the photographs at issue and any financial benefit to Twitter." *Stross*,

7  2022 WL 1843142, at *4 n.2.

8      In sum, Plaintiffs fail to state a claim for copyright infringement under any

9  theory, and thus the SAC should be dismissed.

10  **B.    Many of Plaintiffs' Claims Are Time-Barred by the Three-Year
11         Statute of Limitations**

12      Plaintiffs' claims regarding Photos 1, 4, 6, 8, 9, 10, 11, and 12 are all

13  independently barred by the three-year statute of limitations. *See* 17 U.S.C.

14  § 507(b) ("No civil action shall be maintained under the provisions of this title

15  unless it is commenced within three years after the claim accrued.") Plaintiffs

16  commenced this action on June 10, 2024 (Dkt. 1), but each alleged infringement of

17  those Photos occurred before June 10, 2021, more than three years earlier. *See*

18  SAC ¶¶ 32, 54, 70, 76, 92, 100, 108, 115, 121, 128 (alleging that, for Photos 1, 4,

19  6, 8, 9, 10, 11, and 12, "a Twitter user uploaded this Photo to Twitter" before June

20  10, 2021)). Accordingly, Plaintiffs' claims based on those Photos are time-barred.

21      The SAC does not allege when Plaintiffs discovered the alleged

22  infringements, let alone that it was not possible to discover them earlier with

23  reasonable diligence such that tolling is warranted, so these claims are barred.

24  *Wasco Prods. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006)

25  ("federal courts have repeatedly held that plaintiffs seeking to toll the statute of

26  limitations on various grounds must have included the allegation in their

27  pleadings"); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) ("[a]

28  plaintiff whose complaint shows on its face that his claim would be barred without

DEFENDANT X CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS

the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence"); *Fodor v. AOL Time Warner, Inc.*, 217 F. App'x 622, 623–24 (9th Cir. 2007) (adopting *Fox*). Unsurprisingly, this Court dismisses copyright claims where, as here, the date of the allegedly offending publication is outside the statute of limitations and no allegations support discovery rule tolling. *Kuhmstedt v. Enttech Media Grp., LLC*, No. 2:21-cv-10032-SVVV-JEM, 2022 WL 1769126, at *5 (C.D. Cal. Apr. 11, 2022) (dismissing copyright claims as time barred because "from the face of the complaint . . . the limitations period has expired because Plaintiff has not provided any factual allegations that would support the application of the discovery rule").

In sum, Plaintiffs' claims regarding Photos 1, 4, 6, 8, 9, 10, 11, and 12 are all barred by the three-year statute of limitations. As a result, even if Plaintiffs stated a claim for copyright infringement regarding those Photos (they do not), Plaintiffs' claims as to those Photos should be dismissed for the independent reason that they are time-barred.

## V.  CONCLUSION

Twitter respectfully requests that the Court grant this Motion for judgment on the pleadings without further leave to amend.

Respectfully submitted,

Dated: June 20, 2025          WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
Attorneys for Defendant X Corp., in its
corporate capacity and as successor in
interest to named defendant Twitter, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for X Corp., certifies that this brief contains 4,410 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 20, 2025            WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
    Kenneth M. Trujillo-Jamison
    Attorneys for Defendant X Corp., in its
    corporate capacity and as successor in interest
    to named defendant Twitter, Inc.