Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
Taylor C. Foss (SBN 253486)
Email: tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorney for Plaintiffs,
 ELIZABETH WATERMAN and
NY BLACK AND GOLD
CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ELIZABETH WATERMAN, an individual; and NY BLACK AND GOLD CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; X CORP., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04881-SRM-PD<br>Hon. Serena R. Murillo<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**<br><br>Date:    July 22, 2026<br>Time:    1:30 p.m.<br>Crtrm:   5D |

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

X Corp.'s Opposition fails to rebut the good cause that exists in this case to reopen discovery in light of X's discovery non-compliance, the intervening case law of *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959 (2026), the additional incidents of infringement by X, and the mutually-agreed-upon need for Rule 30(b)(6) depositions. While X takes the expected position that discovery has closed and everything is fine, a practical view of the facts here justifies additional discovery.

### II.    TWITTER AGREED TO PRODUCE DOCUMENTS BUT NEVER COMPLIED WITH ITS OWN REPRESENTATIONS

Twitter appears to be taking the position that because they misrepresented their willingness to produce documents, Plaintiffs are foreclosed from seeking relief to demand that Twitter comply with its discovery obligations. To the contrary, Waterman propounded discovery and worked with opposing counsel, but the documents produced were anemic and not responsive. Indeed, Plaintiffs' refusal to adopt the ESI protocol demanded by X appears to have resulted in a refusal to cooperate in discovery.

Further, regarding the depositions, Plaintiffs agreed to take X's deposition off calendar so that that the parties could coordinate an extension of discovery to take both sides' depositions. After the agreement was made and the deposition taken off calendar, X's position changed. Fool me twice, shame on me, I suppose. But regardless, the parties are not in disagreement that depositions are necessary for this case to proceed in an orderly fashion.

Further still, Twitter's characterization of the discovery coordination between this case and the Grecco case as "Waterman's desire" is inaccurate. Counsel for all parties have already agreed to coordinate depositions and have worked on these cases in tandem. Further, X's purported agreement to "schedule 30(b)(6)

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

depositions without reopening fact discovery" is illusory because depositions are not permitted after the close of discovery such that X cannot unilaterally provide that relief.

## III. THE SUPREME COURT'S DECISION IN *COX V. SONY* WARRANTS ADDITIONAL DISCOVERY

X understates the repercussions that the case law and thus the case theories at play in this case. Plaintiffs are not taking the position that *Cox* "expanded" the scope of infringement theories as X asserts. (Opp. at 5.) Rather, Plaintiffs assert that because the decision narrows the law regarding contributory copyright infringement, Plaintiffs would have propounded different discovery, and certainly would have propounded it differently. X appears to be seeking to use the *Cox v. Sony* decision as a way to avoid a decision on the merits of this case; in contrast, Plaintiffs are seeking to reopen discovery for the sake of having the opportunity to bring the best case it can under the current case law.

## IV. THE COURT IN THE COMPANION GRECCO CASE HAS ADDRESSED THE *COX V. SONY* DECISION

After Judge Frimpong's March 31, 2026 Order ruling on X's motion for judgment on the pleadings, X filed a motion for certification for interlocutory appeal, which Judge Wu heard by assignment. Judge Wu upheld Judge Frimpong's decision as to direct and vicarious infringement, and reconsidered Judge Frimpong's decision as to contributory infringement in light of *Cox v. Sony*.

As to direct infringement, Judge Wu held:

Taking a step back for a moment, it is not disputed that when a third party infringes a copyright holder's exclusive rights to reproduce and/or distribute copies of a registered work by placing a copy of the image/photograph on an internet platform thereby allowing access to the public, there is clearly no volitional conduct on the part of the operator of the platform. However, after that placement, there is continual

3

reproduction, copying, and/or public performance/display of the work on the platform. But again, that continual reproduction, copying, and/or public performance/display would not by itself constitute sufficient volitional conduct. Nevertheless, when the platform owner is notified that its internet server is allowing unauthorized access and unlawful copying of registered works along with a request by the copyright holder to remove such items from its platform as provided for under the DMCA, the owner's failure to appropriately respond can be deemed a sufficient volitional act for the purpose of determining direct copyright infringement."

Case 2:24-cv-04878-MEMF-AYP, ECF No. 91 at 6 n.8 (Judge Wu).

As to vicarious copyright infringement, Judge Wu held:

[I]t is unclear whether there are sufficient factual allegations under Giganews and Ellison demonstrating that Twitter derived revenue specifically because of Grecco's copyrighted material.  Grecco alleges that Twitter's "website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions." 2AC ¶ 27. Grecco further alleges that "Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of [Grecco's] Photos for purposes of trade, including by increasing the traffic to their websites and use of their services." Id. ¶ 131.  At this time, the Court wishes to hear oral argument from the parties at the hearing on whether there are sufficient allegations to give rise to a vicarious copyright infringement claim.

Case 2:24-cv-04878-MEMF-AYP, ECF No. 91 at 10 (Judge Wu).

Just as the plaintiff in the Grecco action is seeking discovery into its allegation for purposes of vicarious copyright infringement that Twitter's "website

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions," so here Plaintiffs seek the same discovery to round out an area of discovery that has become vital after the *Cox v. Sony* decision.

Judge Wu's order is relevant here because he found good cause for Grecco to file a fourth amended complaint to plead its causes of action in view of *Cox v. Sony*. While not binding case law, coordination of these cases and their pleading and treatment of *Cox* will prevent inconsistent ruling. Indeed, the complaints in the two companion cases parallel each other such that Judge Wu's decision that Grecco should plead more facts (*i.e.*, to show how the advertisements work on Twitter to create revenue linked to the copyright infringement for purposes of vicarious liability) strongly suggests that Plaintiffs' complaint needs more facts and Plaintiffs need discovery into those facts.

## V.    THE INTERVENING CASE LAW OF *COX V. SONY* JUSTIFIES A NEW TRIAL DATE IF NECESSARY

X's pearl-clutching at the prospect of moving the trial date is performative. The Supreme Court only rarely wades into copyright law and when it does so, schedules and cases may get disrupted. Plaintiffs' request for additional discovery (as well as completion of discovery for which X told Plaintiffs to "pound sand") is reasonable under the circumstances, such that good cause exists. *Velez v. Foresters Life Ins. & Annuity Co.*, No. 2:22-cv-08932-ODW (MBKx), 2025 U.S. Dist. LEXIS 263768, at *7 (C.D. Cal. Dec. 11, 2025) ("District courts find good cause to amend the scheduling order when the amendment is prompted by an intervening change in controlling law.") (citing *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014) ("It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile.")).

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

## VI.    X MISAPPLIES THE *POMONA* DECISION

The facts of the *Pomona* case are highly distinguishable from those of the present case. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) ("*Pomona*"). As teed up by the *Pomona* court,

> After a seven-day trial, a jury found SQM North America Corporation (SQM) not liable for causing perchlorate contamination in the City of Pomona's (Pomona) water system. Pomona now appeals from that judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We hold that the district court abused its discretion by limiting the testimony of one of Pomona's experts and failing to make sufficient findings before admitting the testimony of one of SQM's experts. These errors, in combination, were prejudicial. Accordingly, we vacate the district court's judgment and remand for a new trial.

*Id*. at 1063. Beyond the fact that the *Pomona* decision is addressing reopening discovery **after** trial has occurred and **after** substantial expert reports and testimony have been provided and litigated, the *Pomona* decision nonetheless stands for the proposition that it was **error** for the Court not to reopen discovery. *Id.* at 1072 ("A civil action may meander through discovery far too slowly and our system benefits when district judges keep the wheels of justice turning by employing effective case management. But there are limits.").

The *Pomona* court did set forth factors for reopening discovery—specifically in a case where there was an intervening event: in *Pomona* there were "scientific developments" to an expert's research (866 F.3d at 1066); here, *Cox* has upended Copyright Law as it pertains to contributory liability and has resulted in other theories of recovery being absorbed into the theories of direct or vicarious liability for copyright infringement. *Pomona*, 866 F.3d at 1066 ("Despite these relevant scientific developments, the district court denied Pomona's motion to reopen discovery and update Dr. Sturchio's expert report, thus limiting his trial testimony

6

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

to the scientific world as it existed in 2011."). Limiting the case theories and discovery into those case theories to a pre-*Cox* world would be an abuse of discretion.

Of the factors applied by the *Pomona* court, none clearly support X's position. *Pomona*, 866 F.3d at 1066 (citing *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)) (citation omitted), vacated on other grounds, 520 U.S. 939, 117 S. Ct. 1871, 138 L. Ed. 2d 135 (1997). First, trial is not imminent. X has agreed that the parties need to complete depositions, but X has strategically refused to extend discovery to do so. Second, X's opposition for strategic purposes to avoid discovery and avoid having to provide the documents it promised is not a basis to avoid discovery. Third, X's claim of prejudice here is inconsistent: X asserts both that discovery has been burdensome and also that it has not occurred. Fifth, even X cannot assert with a straight face that the Supreme Court's ruling in *Cox v. Sony* was foreseeable. To argue otherwise undermines X's credibility.

As to the sixth factor, the relevant evidence that Plaintiffs seek to obtain are documents related to X's volitional conduct as well as the advertising revenue and traffic for the infringing posts in question.

Further, as in *Pomona*, key motions remain undecided—namely X's motion for judgment on the pleadings, which, as in the Grecco companion case, may affect the pleadings and the facts and discovery needed to support those pleadings. *Pomona*, 866 F.3d at 1066 ("Any potential delay, however, was brought about by the combination of an expeditious trial date and the amount of time Pomona's motion sat undecided.").

/ / /

/ / /

/ / /

/ / /

7

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**

## VII.  **CONCLUSION**

For the foregoing reasons and as set forth in Plaintiff's moving papers, good cause exists to extend or reopen discovery.

Dated:  July 8, 2026                    **ONE LLP**

By: /s/ Taylor C. Foss
    Taylor C. Foss
    Peter R. Afrasiabi
    Attorneys for Plaintiffs,
    Elizabeth Waterman and
    NY Black and Gold Corporation

8

**REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY CUTOFF**